CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Raul Uriarte-Limon**, | Case No. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |
| **Krystal Enterprises LLC,** a California Limited Liability Company; and Does 1-10, | |
| Defendants. | |

Plaintiff Raul Uriarte-Limon complains of Krystal Enterprises LLC, a California Limited Liability Company; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who uses a wheelchair.

2. Defendant Krystal Enterprises LLC owned the real property located at or about 17903 Valley Blvd., La Puente, California, in April 2015.

1

Complaint

3.   Defendant Krystal Enterprises LLC owns the real property located at or about 17903 Valley Blvd., La Puente, California, currently.

4.   Defendant Krystal Enterprises LLC owned the Mobil gas station ("Gas Station") located at or about 17903 Valley Blvd., La Puente, California, in April 2015.

5.   Defendant Krystal Enterprises LLC owns the Mobil gas station ("Gas Station") located at or about 17903 Valley Blvd., La Puente, California, currently.

6.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

Complaint

1  founded on the fact that the real property which is the subject of this action is

2  located in this district and that Plaintiff's cause of action arose in this district.

3

4  **FACTUAL ALLEGATIONS:**

5  10. Plaintiff visited the Gas Station in April 2015 to buy snacks at the Food

6  Mart location at the Gas Station.

7  11. The Gas Station is a facility open to the public, a place of public

8  accommodation, and a business establishment.

9  12. Parking is one of the facilities, privileges, and advantages offered by

10  Defendants to patrons of the Gas Station.

11  13. Although parking spaces are one of the facilities available to patrons of

12  the Gas Station, there was not a single compliant accessible parking space

13  reserved and marked for use by persons with disabilities in compliance with

14  the Americans with Disability Act Accessibility Guidelines (ADAAG) in May

15  2015.

16  14. Instead, there was a single parking space ostensibly reserved for persons

17  with disabilities that did not have an access aisle attached to the parking space.

18  15. Plaintiff, on information and belief, alleges that an accessible parking

19  space reserved and marked for persons with disabilities used to exist at this

20  location. Unfortunately, the defendants do not maintain the parking lot so that

21  the parking spaces designed for use by persons with disabilities remain

22  available.

23  16. Currently, there is not a single accessible parking space reserved for

24  persons with disabilities available that complies with the law.

25  17. The plaintiff personally encountered these violations and they denied

26  him full and equal access and caused him difficulty and frustration.

27  18. Additionally, and even though the plaintiff did not personally confront

28  the barrier, there are shelves and merchandise aisles open to customers for

Complaint

shopping, but the path of travels in and throughout these merchandise aisles are not accessible to wheelchair users because of the configuration of the store and also because the defendants have a practice of placing merchandise and merchandise display on the route of travel restricting passage to far less than 36 inches in width.

19. In fact, the path of travel, in one part of the store, narrows to as little as 24 inches in width.

20. Plaintiff would like to return and patronize the Gas Station but will be deterred from visiting until the defendants cure the violations.

21. Plaintiff lives in Los Angeles County and travels, shops, eats, and otherwise patronizes businesses throughout the County on a regular and ongoing basis.

22. The Gas Station is located about 15 minutes from plaintiff's home. This Gas Station is conveniently located for plaintiff.

23. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because, had the defendants intended any other configuration, they had the means and ability to make the change.

24. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

25. Plaintiff is and has been deterred from returning and patronizing the

Complaint

Gas Station because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to the Gas Station to assess ongoing compliance with the ADA and will return to patronize the Gas Station as a customer once the barriers are removed.

26. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the Complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42  U.S.C. section 12101, et seq.)

27. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

28. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

> a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or

Complaint

accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b.  A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c.  A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

29. Any business that provides parking spaces must provide handicap parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. One in every eight of those handicap parking spaces but not less than one must be a "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

30. Here, the lack of any accessible, compliant parking is a violation of the ADA.

31. Shelves and display units allowing self-service by customers at stores must be located on an accessible route. 1991 Standards § 4.1.3(12)(b). An accessible route must be at least 36 inches in width. 1991 Standards § 4.3.3.

32. Here, the failure to provide accessible paths of travel in and throughout the merchandise aisles is a violation of the law.

Complaint

33. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

34. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the ADA.

35. Given its location and options, the Gas Station is a location that the plaintiff will continue to desire to patronize but he has been and will continue to be discriminated against due to the lack of accessible facilities.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

36. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

37. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Cal. Civ. Code § 51(f), 52(a).)

38. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

Complaint

1    plaintiff is not invoking section 55 of the California Civil Code and is not

2    seeking injunctive relief under the Disabled Persons Act at all.

3         2. Damages under the Unruh Civil Rights Act and/or the California

4    Disabled Persons Act, which provides for actual damages and a statutory

5    minimum of $4,000.

6         3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

7    to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

8

9    Dated: January 27, 2016                    CENTER FOR DISABILITY ACCESS

10

11                                              By: _____
                                                Mark Potter, Esq.
12                                              Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint